**FIRST BANCREDIT CORP., Plaintiff-Appellee, v. YANOWSKY et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24092.   Decided May 29, 1957.

James E. Paduano, for plaintiff-appellee.
Dachman & Dachman, for defendants-appellants.

(HUNSICKER, PJ, DOYLE and STEVENS, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By STEVENS, J.

This is an appeal on questions of law from a judgment of the Municipal Court of Cleveland overruling a motion to vacate a judgment against defendants entered by confession.

The record discloses that the petition filed herein seeks the recovery of $365.76 with interest at 6% from February 13, 1956.  The answer filed on behalf of defendants states: "By virtue of the warrant of attorney annexed to and mentioned in the foregoing petition, I, an attorney at law * * * do hereby * * * confess a judgment in favor of said plaintiff, against said defendant for the sum of $378.57 * * ."  The instrument attached to the petition is titled "Chattel Mortgage," and contains no warrant of attorney, authorizing confession of judgment against defendants.

Sec. 2309.31 R. C., provides:

"When the action or counterclaim is founded on an account or on a written instrument as evidence of indebtedness, a copy thereof must be attached to and filed with the pleading. If not so attached and filed, the reason for the omission must be stated in the pleading."

Sec. 2323.13 R. C., provides:

"An attorney who confesses judgment in a case, **at the time of making such confession,** must produce the warrant of attorney for making it to the court before which he makes the confession; and the original or a copy of the warrant shall be filed with the clerk."

There is, in the record before us, no warrant of attorney attached to and filed with the petition, nor does the record disclose that at the time of making such confession, the attorney so making such confession, produced to the court "the warrant of attorney for making it," or that the original or a copy of the warrant was filed with the clerk, as required by §2323.13 R. C.

No service having been obtained upon the defendants, and there being no authority for the confession of judgment against them, the court was without jurisdiction of the persons of defendants, and hence was disenabled to properly enter judgment against them.

The judgment herein is reversed as contrary to law, and the cause remanded to the Municipal Court for further proceedings according to law.

Reversed and remanded.

HUNSICKER, PJ, DOYLE, J, concur.